IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| GIEDRE RUSECKAITE, ) | |
| ) | |
| Petitioner, ) | Criminal Case No. 1:15CR157 |
| V. ) | Civil Action No. 1:16CV1094 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

This case is before the Court on Giedre Ruseckaite's ("the Petitioner") Motion to Vacate and Correct her Sentence pursuant to Title 28, United States Code (U.S.C.), Section 2255.

The Petitioner along with her boyfriend Lenny Paul Haskins ("Haskins"), operated a prostitution ring which resulted in several minor and adult females being trafficked in numerous states. Petitioner worked with Haskins in operating the prostitution ring by assisting in the rental or hotel rooms where Haskins trafficked the females, assisting in the collection of prostitution proceeds from the trafficked females, transporting females to various locations for prostitution acts, purchasing condoms and distributing them to the females, advising females how to prostitute, and assisting in the creation of prostitution

advertisements to be posted on internet sites.

On June 18, 2015 a grand jury in the Eastern District of Virginia returned an Indictment charging the Petitioner with one count of conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594(c) and 1591(a); two counts of sex trafficking a child in violation of 18 U.S.C. § 1591(a); one count of sex trafficking by force, fraud, and coercion in violation of 18 U.S.C. §§ 1591(a); and two counts of interstate transportation for purposes of prostitution in violation of 18 U.S.C. § 2423(a).

On June 26, 2015, the Petitioner pled guilty to one count of sex trafficking a child in violation of 18 U.S.C. § 1591(a)(1), (b)(2), and (c).  In the Plea Agreement, the Government agreed it would not seek a term of imprisonment in excess of 12 years.

At the sentencing hearing on October 2, 2015, the Guidelines were calculated at a range of 188 to 235 months.  Consistent with the Plea Agreement, the Government argued for a below Guideline sentence of 144 months imprisonment, and indicated it agreed to seek a below-guideline sentence in part because the Petitioner was trafficked by Haskins when the Petitioner was 17 years old. Defense counsel for the Petitioner filed a Sentencing Brief seeking a mandatory minimum sentence of ten years incarceration. Defense counsel argued that the Petitioner was a victim of both

physical and mental abuse by Haskins while working as a prostitute for him, and that Haskins was principal of the crimes and he was the one who benefitted financially. The Court sentenced the Petitioner to the mandatory minimum of ten years incarceration.

On August 25, 2016, the Petitioner filed a Motion to Vacate and Set Aside A Criminal Conviction and Sentence pursuant to 28 U.S.C. § 2255.

A motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 filed after final judgment allows an inmate to challenge the legality of her sentence on four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was an excess of the maximum authorized by law;" or (4) "the sentence is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). When asserting claims under § 2255, a petitioner bears the burden of demonstrating her grounds for relief by a preponderance of the evidence. Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

In her § 2255 Motion, the Petitioner appears to challenge the legality of her sentence. She argues she should have received a 2-level reduction in her offense level pursuant to

3

USSG ¶ 3B1.2 for mitigating role, and that the mitigating role adjustment is a new amendment and is retroactively available. The Petitioner asserts that she should have received a formal evaluation of her mental state to demonstrate how Haskins manipulated her physically, mentally, and emotionally, and she argues that had such an evaluation been performed, it would have demonstrated how minor her role was in the crime. Petitioner also argues she should have received a reduction in her sentence because she was motivated by an intimate or familial relationship by threats and fear to commit the offense and was otherwise unlikely to commit such an offense.

The Petitioner fails to state a claim pursuant to §2255. The arguments Petitioner makes regarding alleged mental, physical, and emotional abuse by Haskins, that Haskins was the principal in committing the crimes and the person that benefited financially was all considered by Court during the sentencing. In considering defense counsel's arguments at the sentencing hearing, the Petitioner received a below-Guidelines sentence.

Assuming there was any error in the Guidelines calculation the error was harmless because 18 U.S.C. § 1591(a) and (b) impose a mandatory minimum sentence of ten years when trafficking a child ages 14 to 17 years old. As stated by the Fourth Circuit, "[a] Guidelines error is considered harmless if the

district court would have reached the same result even if it had decided the Guidelines issue the other way." United States v. Roy, 630 Fed. Appx. 169, at 172-73 (4th Cir. Nov. 5, 2015). Regardless of the Guideline calculations, the Petitioner was statutorily required to receive a sentence of at least ten years. Because the Guideline calculations would not have altered the mandatory minimum sentence she received, her sentence was not imposed in violation of the Constitution or laws of the United States.

For the foregoing reasons, the Petitioner's Motion To Vacate, Set Aside, Or Correct Her Sentence pursuant to 28 U.S.C. § 2255 should be denied.

An appropriate Order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
December 9, 2016